IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BLAKE HEIDELBERGER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 1:20-cv-2657 |
| P.I.P.E., INC., and WAYNE PARRISH, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DAMAGES

Plaintiff, Blake Heidelberger, for his Complaint against Defendants, P.I.P.E., Inc. ("PIPE") and Wayne Parrish, states the following:

### I. Parties

1. Plaintiff is a resident of Marion County, Indiana.

2. Defendant, PIPE, is a business located in Indianapolis, Indiana.

3. Defendant, Wayne Parrish, is a resident of Marion County, Indiana.

### II. Jurisdiction and Venue

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the FLSA.

5. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

6. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue Plaintiff and Defendants residency.

### III.  Factual Allegations

7. Plaintiff began working for PIPE in November 2019

8. Plaintiff was an hourly employee of PIPE.

9. Plaintiff was paid $15.00 per hour by PIPE.

10. Defendants did not pay Plaintiff at least minimum wages for all hours worked in a workweek.

11. Defendants did not pay Plaintiff for all overtime hours worked in a workweek.

12. Defendants did not pay Plaintiff for all regular wages earned.

13. Defendants fired Plaintiff on May 20, 2020.

14. PIPE does not have a good faith reason for its failure to pay Plaintiff for all wages earned for all hours worked.

15. PIPE does not have a good faith reason for its failure to pay Plaintiff at least minimum wages for all hours worked.

16. PIPE does not have a good faith reason for its failure to pay Plaintiff his overtime wages for all overtime hours worked.

17. The wage claim of Plaintiff was referred to counsel for Plaintiff by the Attorney General's Office in conjunction with the Department of Labor on September 30, 2020.

### III.  Cause of Action

**Count I**
**Failure to Wages**
**Pursuant to the Wage Payment Statute, Ind. Code §22-2-5 *et. seq.***

18. Plaintiff incorporates paragraphs 1 through 17 by reference herein.

19. Plaintiff was an employee of PIPE pursuant to the Wage Payment Statute.

20. PIPE was an employer pursuant to the Wage Payment Statute.

21. PIPE failed to pay Plaintiff his wages in the correct amount.

22. PIPE failed to pay Plaintiff his wages in a timely fashion.

23. Plaintiff has been damaged by Defendant's violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count II
### Failure to Pay Minimum Wages
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

24. Plaintiff incorporates paragraphs 1 through 23 by reference herein.

25. Plaintiff was an employee of Defendants pursuant to the FLSA.

26. Plaintiff's work for Defendants involved interstate commerce.

27. PIPE is an employer pursuant to the FLSA.

28. PIPE had gross revenues of at least $500,000.00 for the 2018 calendar year.

29. PIPE had gross revenues of at least $500,000.00 for the 2019 calendar year.

30. Mr. Parrish is an employer pursuant to the FLSA.

31. Mr. Parrish is one of the owners of PIPE.

32. Mr. Parrish is one the people of PIPE who determined what Plaintiff was to be paid by PIPE.

33. Defendant's violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count III
### *Per Se* Defamation

34. Plaintiff incorporates paragraphs 1 through 33 by reference herein.

35. Mr. Parrish terminated Plaintiff for stealing from PIPE.

36. Mr. Parrish published that Plaintiff had stolen money from PIPE to the employees of PIPE.

37. Mr. Parrish published that Plaintiff had stolen money from PIPE to the extended family of Plaintiff.

38. This accusation is false.

39. Plaintiff has been damaged by these false statements.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, special and punitive damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### IV.    Jury Demand

40.    Plaintiff incorporates paragraphs 1 through 39 by reference herein.

41.    Plaintiff demands a trial by jury.

                Respectfully submitted,

                WELDY LAW

                /s/Ronald E. Weldy
                Ronald E. Weldy, #22571-49
                Counsel for Plaintiff,
                Blake Heidelberger

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
Fax: (317) 288-4013
E-mail: rweldy@weldylegal.com